[No. 6054. Decided August 8, 1906.]

HENRY R. HARRIMAN, *Appellant,* v. NEW YORK LIFE INSURANCE COMPANY, *Respondent.*[1]

INSURANCE—ORAL CONTRACT FOR LIFE POLICY—VALIDITY—PAYMENT OF PREMIUM. An oral contract for insurance upon the life of an applicant who had been examined, and who gave his note to the agent for the first premium, is not established by an agreement with the agent to the effect that it should become binding on the company when part of the premium should be paid in cash, where no part was paid until three days prior to the death of the applicant, while he was suffering from his last illness, the payment being made by third persons in contemplation of his dissolution.

1Reported in 86 Pac. 656.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 2, 1905, in favor of the defendant, granting a nonsuit at the close of plaintiff's case, in an action on an oral contract of life insurance. Affirmed.

*Benson, Hall & Higgins* and *Walter M. French,* for appellant.

*H. T. Granger,* for respondent.

FULLERTON, J.—The appellant, as administrator of the estate of Philip N. Harriman, brought this action to recover on what is claimed to be an oral contract of life insurance. In his complaint the administrator alleged in substance that one Griffith, a soliciting agent of the respondent, procured from Philip N. Harriman an application for a life insurance policy of $5,000, agreeing with him, in consideration of a note which he took from him in payment of the first premium, that he would be insured in the respondent company from and after the time the medical examiner of the company should pass favorably upon his application; further alleging facts showing a compliance with the condition of the contract. Issue was taken on the allegation of the complaint and a trial entered upon, which proceeded to the close of the appellant's case. The court thereupon, on motion of the respondent, nonsuited the appellant, and later entered a judgment dismissing the action and awarding the respondent its costs.

The trial court ruled that the evidence adduced by the plaintiff failed to prove the contract alleged, or any contract sufficient to bind the respondent, and the record, we think, justifies this conclusion. The agent soliciting the insurance, the witness on whom the appellant relied, testified that the contract as actually made was to the effect that the contract of insurance was not to become obligatory on the respondent until a part of the insurance premium should be paid in cash, which was not done until some three days prior to the

applicant's death, and while he was suffering from his last illness; it being in fact paid then by third persons, evidently in contemplation of his dissolution. Under these circumstances, we think the court rightly held there was no binding contract, even if it be conceded that the evidence shows authority on the part of the soliciting agent to make the contract he attempted to make, a question not necessary to be determined.

The judgment appealed from is affirmed.

MOUNT, C. J., CROW, and RUDKIN, JJ., concur.